STATE OF MAINE



FILED & ENTERED
SUPERIOR COURT

SEP 15 2004

PENOBSCOT COUNTY

SUPERIOR COURT
Docket No. CV-03-46

KIMBERLY ANDREWS,
                    Plaintiff,

          v.                          **ORDER**

MILLER'S, INC.,
                    Defendant.

DONALD
          L

OCT 8 2004

Defendant moves for partial summary judgment on counts I, II, and III in this intriguing dispute. The facts are well established in the parties' submissions and need not be repeated here.

The court is grateful to the parties for their extensive research and briefing of the issues. The court has considered their arguments and reviewed the authorities, but remains convinced that the pending issues can be focused down to some narrow points of fact and law.

The court is satisfied – as are the parties – that a valid and enforceable contact was created when the Plaintiff tendered the cost of a pari-mutuel wager to the Defendant and the Defendant provided a betting ticket to her in return. This created an obligation upon the part of the Defendant to pay to the Plaintiff the amount due (to be determined later based upon active wagering by other betters) if her combination of horses finished in the order which she selected.

Obviously if the parties mutually agree to rescind this contract prior to the closing time for wagers and accomplish such, the obligation to pay is nullified. The parties have cancelled their contract. The parties further agree that neither can accomplish a wholly unilateral canceling of the wager after it was duly placed and a ticket issued.

In the instant matter, the core of the dispute depends upon whether the wager at issue was duly cancelled. Defendant says it was; Plaintiff says it was not.[1]

---

[1] Plaintiff has offered various theories of recovery and Defendant has responded in each instance. For example, Plaintiff suggests that the possession of a ticket with a winning combination which has not been marked "cancelled" creates an obigation to pay (much like a negotiable instrument). However, the court considers the issue of cancellation to be dispositive of all points in this dispute.

Defendant offers computer generated documentation indicating that the wager at issue was cancelled promptly after its making. Defendant asks the court to infer that this could not have occurred in the absence of the Plaintiff's acquiescence (or more appropriately, at her request). Plaintiff vigorously denies such cancellation and suggests various theories of how the cancellation could appear in the computer records in the absence of her actual participation in the process.

Defendant offers a powerful fact to rebut this claim – the records show that the Plaintiff initially tendered payment for the wager at issue here. She placed a subsequent wager which was purchased with a _credit_ from the first transaction. This could not have taken place unless the first wager was cancelled and – more importantly – placed her upon notice in any event that the first wager was no longer viable.

Although this creates a very strong presumption of the proper cancellation of the first wager, it is not dispositive to the point where the court can render summary judgment. It is not a truly undisputed fact. A trier of fact must make a credibility determination of the Plaintiff's claim that she never cancelled – or had notice of cancellation of – the first wager. Accordingly, Defendant's motions for partial summary judgment must be denied.

So Ordered.

The Clerk may incorporate this Order upon the docket by reference.

Dated: September 14, 2004

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

KIMBERLY ANDREWS  - PLAINTIFF
RR 2 BOX 317B
OLD TOWN ME 04468
Attorney for: KIMBERLY ANDREWS
CHARLES GILBERT III - RETAINED 03/13/2003
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2003-00046


DOCKET RECORD

VS
MILLERS INC - DEFENDANT
427 MAIN STREET
BANGOR ME 04401
Attorney for: MILLERS INC
PHILLIP BUCKLEY  - RETAINED 03/31/2003
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401


Filing Document: COMPLAINT
Filing Date: 03/13/2003                    Minor Case Type: CONTRACT

## Docket Events:

03/13/2003 FILING DOCUMENT - COMPLAINT FILED ON 03/13/2003

03/13/2003 Party(s):  KIMBERLY ANDREWS
           ATTORNEY - RETAINED ENTERED ON 03/13/2003
           Plaintiff's Attorney: CHARLES GILBERT III

03/13/2003 Party(s):  MILLERS INC
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 03/13/2003

03/13/2003 Party(s):  MILLERS INC
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 03/11/2003
           AS TO DEFENDANT MILLER'S INC., D/B/A POST TIME AT MILLER'S.  (BY:  PHILLIP D. BUCKLEY,
           ESQ.)

03/13/2003 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 03/13/2003
           TO PLAINTIFF'S ATTORNEY.

04/01/2003 Party(s):  MILLERS INC
           RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 03/31/2003
           BY DEFENDANT.

04/01/2003 Party(s):  MILLERS INC
           ATTORNEY - RETAINED ENTERED ON 03/31/2003
           Defendant's Attorney: PHILLIP BUCKLEY

04/02/2003 ORDER - SCHEDULING ORDER ENTERED ON 04/02/2003
           ANDREW M MEAD , JUSTICE
           THE ENTRY WILL BE:  SCHEDULING ORDER FILED.  PARTIES TO SELECT ADR PROCESS AND NEUTRAL.
           COPY FORWARDED TO ALL ATTORNEYS OF RECORD.